Good morning. My name is Christopher Todd. I'm representing the petitioner. And this case is based on the BIA's denial of a motion to reopen. The petitioner filed a motion to reopen, asking for, asserting eligibility for new relief. It was a timely motion. The BIA denied it, finding that the respondent, excuse me, the petitioner, was not eligible based on an overstay of voluntary departure. And that was the primary basis for the removal, and that's the part we disagree with. Voluntary departure, the petitioner cannot have overstayed voluntary departure because the voluntary departure period never began to run. How can he overstay? How can he be subject to a bar for overstay when the period never began to run? Mr. Todd, assuming I agree with you on that point, but doesn't he have a bigger problem, and that is that the BIA conducted a harmless error analysis on that motion. And I guess my question is, isn't it saved by harmless error? Well, my understanding is that the operation of the voluntary departure bar is a purely legal issue, isn't it? How do you square Patel with that? Well, again, because I find it to be a legal issue. Right, but I think the point is that the voluntary departure bar is a legal issue, but the board made alternative holdings that even apart from the voluntary departure bar, he wouldn't be entitled to cancellation either under the ordinary cancellation statute or under VAWA. And if those holdings are correct or if we would be required to uphold those holdings, then the voluntary departure issue wouldn't matter, would it? So, well, first of all, as a preface to the answer, for regular cancellation, as the government pointed out in briefing, we did not push that before this court because we filed that motion late for purposes of regular cancellation. So we're not even pushing that, and that would be, I feel like, a bit of a different argument. When it comes to the alternative findings, the board offered three different reasons to deny the motion to reopen, right? The voluntary departure bar, then fair to file an application, which makes little sense because the application was part of the record, and then I guess on the third part, which sounds like where you're going with this, is that the court said that the BIA said basically we're not going to grant this because he didn't establish prima facie eligibility or he didn't establish. No, but let's assume that he did establish. Let's assume that he did establish a prima facie case, that the declaration says what it says, and they're supposed to accept that. But the issue is, though, that the BIA made the hardship analysis already, and they determined that he can't meet that. And if he can't meet that, how can we review that decision? I'm glad you brought that up because the hardship analysis, they did not make a hardship analysis in the VAWA cancellation context. The VAWA cancellation hardship is statutorily different than 10-year cancellation hardship, partially because you can consider hardship to the applicant himself. So that's one of the many things I couldn't understand in the BIA's decision because how can they make a hardship determination? What they did was they took the prior hardship determination and just layered that on top of the VAWA cancellation hardship, and it's a different inquiry. I'm sorry. I was going to say, let me bring you back to the voluntary departure question. What should we make of the fact that he did not post bond? I wasted a lot of time on that in my opening brief, and I realize now that it's pretty much irrelevant. Why? Because voluntary departure, the moment the judge issues a voluntary departure order and the respondent in immigration court says, I reserve appeal, everything is stayed, per regulation, per precedent. The voluntary departure period is told. The execution of the IJ's order is stayed. You have 30 days to file your brief to the BIA once you file that. If you don't file it, then everything starts to tick. If you do file the BIA appeal, again, per regulation, per BIA precedent, everything is stayed. But even if we agree with you that proceedings were stayed pending the BIA appeal, the BIA dismissed the appeal in January, and the motion reopened wasn't filed until April. So there still was another 60-day period that elapsed. So why isn't he barred based on that post-tolling period? Because the BIA did not reinstate the voluntary departure period. If you look at the BIA order, there is no voluntary departure. That's one reason. The second reason is he filed a petition for review after the BIA's denial of direct appeal. The moment he filed the petition for review, under the regulations, the VD bar cannot apply to him, even if he did overstay, which I don't believe he did. And I just don't understand how the BIA gets around that. We provided proof that he had filed a petition for review. We provided the copy of the docket to the BIA, and yet somehow they just ignored it. But, I mean, if your arguments are correct, then the regulations requiring the posting of the bond within, what is it, five days or 15, would have no effect because in every case someone would file a notice of appeal and it's told. And so you're saying the bond requirement is also told and does not need to be satisfied? No, not at all, because what you saw, the way it works and the way it operates is the BIA decided, if you look again at the BIA, the BIA says, okay, there's no proof that the bond was filed, therefore we're not going to reinstate the voluntary departure period. So that's the punishment. Can I ask you to go back? You said a moment ago that the board's statement about him not having filed an application doesn't make sense. Why doesn't it make sense? He had filed an earlier application, but that earlier application did not address the VAWA cancellation issues. So why was the board wrong to say if he wants VAWA cancellation, he needs to submit the application for that? A VAWA cancellation application is made on a Form EOIR-42B, as is a 10-year cancellation. It's just another box that you check on it. So if you look at the petitioner's motion to reopen, very specifically it says we are applying for VAWA cancellation, there's an EOIR-42B in the record, we would like that to be considered as an application for VAWA cancellation. But the prior application doesn't address any of the VAWA issues, does it? Because there are things you have to show to establish eligibility for VAWA cancellation, and that's not in the prior. By evidence. Sorry to interrupt. By evidence, not by the application. The application is a single checkbox on page one of the application. And the application doesn't need to contain any, by regulation, doesn't have to contain any explanation of what the basis for the claim would be? No, it doesn't. All you have to do is, I mean, you have to prove the case, obviously, and you do that by the declaration, and our declaration would be incorporated into the application anyways. I keep getting stuck on the voluntary departure question. I'm sorry. So you're saying that the payment of bond doesn't matter one way or the other, and the voluntary departure period never took effect because it changed over into a removal order? I'm actually not saying that. You're not saying that. I'm saying that assuming the voluntary departure period was still good even if you failed to pay the bond, which there's certainly an argument because the regulations say a failure to pay the bond doesn't get you out of the penalties for overstaying. Right. Right. But the moment that he reserved appeal, everything was stated. The voluntary departure period was told, whether or not he perfected it by paying the bond. And so it never took effect. Period. I mean, it would make no sense. And so why didn't it take effect at the moment that the BIA dismissed the appeal? Because the BIA explicitly said we declined to reinstate the voluntary departure period. The BIA sees the voluntary departure as a form of relief. Wasn't it required to deny that form of relief if the bond was imposed? That's in the regulations. Probably so. Yeah. That's why I'm saying that there is a penalty that attaches by failing to pay the bond. So how does your argument square with, I think, our precedent in Granados, Oceguera, where the motion to reopen was filed after the period of voluntary departure that ended and this court said the BIA was not simply correct to deny the motion, but compelled to do so by operation of section 1229CD1, the cancellation of removal statute? Because that came after the BIA granted voluntary departure. In Granados, Oceguera, the BIA issued a 30-day voluntary departure order, the BIA's order. That never happened here. The BIA did not issue a voluntary departure order here. Also, Granados was before the regulations had been changed. They came out in 2009. But the principles remain the same. In our case, there was, and I'm sorry, I've got to make one quick point, I guess, that it would make no sense to force an applicant for relief in immigration court to choose between filing an appeal or accepting voluntary departure. That's not how the system is set up. Isn't that exactly the choice that the Supreme Court made in DADA? After. For Senator Casey? I mean, my understanding from DADA is you do face that choice, you know, unenviable as it may be under immigration law, but you can either comply with voluntary departure and obtain the benefit of doing so, or you can stick around.  After the BIA issues the rule. That's the huge difference here. Here, the BIA never got to that point. The IJ issued the VD order for 60 days. It never, it was told the moment you appeal. You can appeal, then after the BIA, the BIA can issue it for 60, the BIA can issue it for 30, the BIA can decline to reinstate it, however they want to do it. Which it did here. Which they did here, yes. And at that point, there's no overstay because there's been no voluntary departure that was ever effective. Okay. Thank you, Counsel Lee. We've taken you past your time, but we'll give you two minutes for rebuttal. Ms. Singer? May it please the Court, my name is Jennifer Singer, and I represent the United States Attorney General that responded in this matter. I'll start with the Court's jurisdiction. Section 8 U.S.C. 1252.A.2.B.I. precludes this Court's jurisdiction from, bars this Court from reviewing any judgment regarding the granting of relief under certain enumerated grounds. One of those grounds is Section 1229.C., which is voluntary departure, and the other section is 1229.B., which is cancellation of removal, which includes violent cancellation. And in light of the Supreme Court's decision in Patel and its interpretation of that provision, the Court lacks jurisdiction to review the petition for review here to the extent the petitioner raises a constitutional claim or legal claim. Petitioner raises legal claims with respect to the invocation of the voluntary departure bar, but raises no constitutional claim or legal claim with regard to the Board's alternative denial for denying the motion to reopen. And I'll address each of those in turn. So, the 1252.A.2.i applies to the Board's invocation of voluntary departure because in Patel, the Supreme Court made clear that in reading that provision, the words any and judgment and regarding are very broad and apply to any types of decisions of all kinds, and that should apply here because the Board's decision to invoke the voluntary departure bar to bar cancellation of removal is a decision regarding the granting of cancellation of removal, and it also stems from the initial grant of voluntary departure because it's also a decision relating to the grant of voluntary departure. But either way, the Court still can review legal claims, and the petitioner's claims are legal in nature. So, as to voluntary departure, petitioner did not pay the voluntary departure bond. The order of removal went into effect day five. The execution of that removal order is stayed while the time to appeal lapses or goes on. So, he had 30 days. Then he timely filed the appeal to the Board, and that also stays execution of the voluntary departure order. But it was a final order of removal at that point, which stayed execution of the final order of removal because he timely appealed because he did not pay bond, he could not submit proof of having paid bond, and the Board did not reinstate the order of removal and entered a final order of removal when it dismissed petitioner's appeal. Any of the stays of execution of the final order of removal were not told. They still just continue to run. It's just the execution of that order, it's not executed while the appeal is pending. So, there's no tolling. Data says that the voluntary departure period cannot be told. So, by failing to pay bond, the order of removal became final. It's just the execution of it was stayed. And so, when the Board dismissed the appeal, there was the enter to final order of removal. Even though petitioner filed a petition for review, there was no voluntary departure period at that point that terminated any grant of voluntary departure because there was a final order of removal entered. And the statute, the voluntary departure statute, makes clear that failure to pay bond and then failure to submit proof of having paid bond bars eligibility for relief for vial cancellation for 10 years. But, Counsel, if I'm understanding Mr. Todd's argument, he's not seeking for his client a reinstatement of voluntary departure. He's saying it was told during the period from the BIA appeal and then following for the petition for review. So, why is that incorrect? Data made clear that the voluntary departure period is not told. And the regulations make clear that failure to post a bond within five days, upon that five-day expiration of time, the voluntary departure order turns into an order of removal. So, there's no longer a voluntary departure order. But the absence of a voluntary departure order is not a requirement for the voluntary departure bar to be applicable to the situation. All that's required was that the immigration judge granted voluntary departure at some point in time. It doesn't require a continuous order of voluntary departure. And that after that, the petitioner didn't depart and didn't depart within the time period specified in the voluntary departure grant. So, there was an order of removal. The execution of that was stayed while the time by the petitioner had 30 days to appeal to the board. And then when the petitioner appealed to the board, it was stayed while the appeal was pending, even though he was subject to a final order of removal at the point. There was no voluntary departure order anymore that turned into an order of removal. But that doesn't absolve him from the application of the voluntary departure bar, because the invocation of that is contingent on him being granted it and then not departing. It doesn't require the... Let me ask this. But he was seeking cancellation of removal through a subsequent motion to reopen. So, understood he does not avail himself of the ability to voluntarily depart at a later point. But explain now why that affects his ability to file a motion to reopen for cancellation of removal or special cancellation. I'm sorry, I'm not following the question. So, after the board dismisses the appeal, as I understand it, he was seeking a reopening to consider cancellation of removal. Is he precluded from doing so or not? Yes.  Because of the voluntary departure bar. Okay. Because he overstayed his voluntary departure period. There's no tolling. He was subject to a final order of removal. The statute makes clear that it's contingent upon the grant. It doesn't matter what happens subsequently. What statute? I just want to be clear, because this is a point that I want to make sure I'm understanding. You said the statute... Article 29CD says that a non-citizen is ineligible for 10 years from vowel cancellation, 10-year regular cancellation, and other forms of relief if he is permitted to depart under an order of voluntary departure and fails to do so under the time period granted. That's all that's required. But that doesn't really answer the question of whether 1003.6 and the regulations and its language about an appeal to the board staying the order, whether that applies to the voluntary departure order. Right? So the statute that you're referring to presupposes that there is, in effect, a valid voluntary departure order. And his argument is that there wasn't because it was appealed to the board. So what's the answer to that? So on day five, after he failed to postpone, at that point, day five, the voluntary departure order converts to an order of removal. There's no longer a voluntary departure order. That other alternative order of removal goes into effect. So that removal order is no longer. He doesn't have voluntary departure anymore. It's a removal order. But then how can you say he's failed? I guess I'm having trouble understanding that the order has gone away and, therefore, it's not going to be stayed by his appeal, and yet he is failing to voluntarily depart, even though there wasn't a voluntary departure order in effect. How can both of those things be true at the same time? All the requirements for departure don't require the continuing voluntary departure order. All that's required is that there was initial grant of voluntary departure and the petitioner accepted it. There's no... The voluntary departure order, it goes away, but he's still subject to the obligations that he made when he first accepted it and granted it. Would you say, so if instead of getting voluntary departure from the IJ, if he got it from the board, and then the next day he filed a petition for review in court, 1240.26 says that that terminates... The petition for review terminates the grant of voluntary departure. So if a petitioner who does that, is he also going to end up being subject to the voluntary departure bar because there was at one point an order and then he doesn't depart while his petition is pending? No, because the execution of the order is stayed during the pendency of the appeal, and then if he submits proof of having paid it to the board, the board will reinstate the initial grant of voluntary departure. So even the word reinstate means that there was something that went away that needs to be reinstated. So he has to appeal during those five days? He has 30 days. The final order of removal will not be effectuated during the 30-day time period for a petitioner to appeal to the board. Suppose we don't agree with you on this. You have some other arguments here, and in particular, could you address the board's determination that he failed to submit an application and that the prior application for cancellation was not adequate? I mean, you heard your friend's explanation of why, if it's just a matter of checking a box, they ought to have been able to invoke the prior application. So why is that wrong? So I have to preface that with the Patel argument again. I don't think the court can review that because the Patel precludes review of factual findings and the existence or absence of evidence, to me, is a factual finding. The existence or absence of evidence is a factual finding, but whether he's submitted an application doesn't— I mean, there's no factual question as to what the application is. It is what it is. The question is as to its legal sufficiency, right? I first would answer that with whether he submitted a new application or not is still factual. It's either there or it's not. But that aside, the sufficiency of the old application, he can't rely on it. It was five years old. Yes, you do just check a box saying that you want VAWA cancellation, but even there's other sections that you fill in that application, and the one that he's relying on shows he's still married to his wife, who he now is claiming that he's divorced from and who abused him. So he cannot rely on that. In the motion to reopen statute, there's a special provision under the VAWA guidelines that says a motion to reopen for VAWA purposes will not be granted unless it is submitted with a VAWA application. And even then, apart from that, there's not additional evidence to meet the other prima facie. Petitioner's counsel argued that it's not just the application, it's also evidence, but there was a dearth of evidence here to meet the prima facie eligibility standard. Okay. Thank you. Thank you, Your Honors. Thank you, Counsel. Thank you. Mr. Todd, you have two minutes for rebuttal. I'll be quick, I promise. I want to go back to the voluntary departure issue if you have questions on that, but I'd like to read from a BIA decision which specifically says, the time of filing of an appeal with the board stays the execution of the decision of the immigration judge during the pendency of the appeal and tolls the running of the time authorized by the immigration judge for voluntary departure, period. There is no question. The way that it operates, I disagree with counsel's description. Voluntary departure is granted. It's tolled during the 30 days you have to file the appeal, and then it's tolled during the appeal. The DADA case, the cases that discuss overstays of voluntary departure, you have to be very careful about looking at whether or not it was the judge who granted the voluntary departure and there was no BIA appeal, or if the judge granted the alien appealed and then there was a grant of voluntary departure after that because those are two different situations. I wanted to go back to make one quick comment about the alternative grounds for denial of the motion. The BIA said there's the VD bar, we can't grant this. Oh, by the way, there's also not an application in here. Oh, by the way, well, we wouldn't have granted it anyways, essentially is what they said. And my argument is that when you make an erroneous legal finding about the VD bar or any other erroneous legal finding, that infects every other finding or every other determination that was made. Why? So, you know, even if they're incorrect about the application of the voluntary departure bar, how does that infect the merits that there's not enough evidence to support, on a prima facie level, this request? Not just how, in addition, what authority would we have given Patel's directive? Oh, that's a great question. The BIA already made its mind up. We're not going to grant this VD. There's the VD bar at play here. We're not going to grant this. And we're going to throw out another couple things that we're not really going to particularly think about or particularly support, but we're going to throw those out there just in case this first one doesn't look. Just in case this first round doesn't work. That's the way I look at it. And how do we prove that? How does the court, and can the court review that? It seems to me that it all flows from a legal error. And I guess I'll leave it at that. I'm not sure I can say any more. Okay. Thank you, counsel. Thank both counsel for their arguments this morning, and the case is submitted.
judges: MILLER, SANCHEZ, UNKNOWN